UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONWIDE LIFE INSURANCE
COMPANY OF AMERICA,

     Plaintiff,

-against-

ROBERT RAWISZER,
DAVID RAWISZER,

     Defendants.

Civil Action No. 08 CV 0587 (DLC) (DCF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/08

## CONSENT ORDER

This matter having come before the court by the consent of all parties in lieu of a contested hearing on an application by plaintiff for a preliminary injunction, and it appearing that this Order is reasonable in relation to the contractual rights and obligations of the parties, and for good cause shown,

IT IS on this 25th day of February, 2008 ordered as follows:

1. Commencing on the date of this Order, the defendants shall not, directly or indirectly, and whether alone or in active concert with others, advise, induce, or solicit any of plaintiff's policyholders to lapse, cancel, fail to renew or replace any policy, or borrow values from any policy or contract with plaintiff to pay any premium on a policy of another company. Commencing on the date of this Order, the defendants shall not, directly or indirectly, and whether alone or in active concert with others, use, disclose or transmit for any purpose, any books, accounts, computer and/or records, documents, policy record cards, applications, vouchers, letters, written correspondence between policyholders and plaintiff or retain in any form any of plaintiff's records (hereafter "Nationwide Life records"). Within fourteen days of

receipt by defendants' counsel of this signed Order, defendants shall return to plaintiff's counsel all such Nationwide Life records. With the sole exception of paragraph 2 below, defendants shall not retain any Nationwide Life records in original, copied, computerized, handwritten or any other form;

2. Notwithstanding paragraph 1 above, defendants may make and retain a copy of the Nationwide Life records that were utilized as part of the application process for any policyholders who have replaced one of plaintiff's contracts or policies as of the effective date of the Order, and for five additional policyholders whom defendants represent have signed documentation to replace their policies, provided defendants (i) provide plaintiff's counsel with a list of all such policyholders within seven days of the effective date of this Order; and (ii) provide plaintiff's counsel with all the records for such policyholders from which defendants make and retain their copies within fourteen days of the effective date of this Order;

3. This Order shall stay in effect, unless the Court orders otherwise, until the entire case is resolved, but will not remain in effect after October 19, 2008 with respect to Robert Rawiszer or after August 7, 2008 with respect to David Rawiszer. In addition, this Order will terminate automatically if the Court dismisses the Complaint as to David Rawiszer. Nothing contained in this Order shall prevent Nationwide from seeking to extend this Order at a later date.

4. Nothing contained in this Order shall alter, modify or change any of the parties' rights and obligations under the Special Agent's Agreements, to the extent that the Court deems them to be valid and enforceable.

5. In the event that any of the policyholders of the plaintiff who own policies for which the defendants are the agent of record contact either of the defendants subsequent to the date of this Order, and request that either of the defendants replace one or more of plaintiffs policies for

which either of said defendants are the agent of record, defendants shall obtain an affidavit from any such policyholders in the form attached hereto as exhibit A. A copy of this affidavit shall be provided to the plaintiff's counsel within five business days of the day it is executed by the policyholder.

6. The Order for expedited discovery is hereby rendered moot and is no longer in effect.

_____
Hon. Denise L. Cote, U.S.D.J

February 25, 2008

We hereby consent to the form and entry of this Order

Gibbons P.C.
Attorneys for Plaintiff

By: _____
Paul A. Saso, Esq.

Tressler Soderstrom Maloney & Priess, LLP
Attorneys for Defendants

By: _____
Barry T. Bassis, Esq.

#1271220 v3
106783-61951

Exhibit A

Affidavit

(Name of policyholder) being duly sworn, upon his/her oath deposes and says:

1. I am the owner of Nationwide Life policy(ies), (Policy Numbers), which was/were sold to me by (Name of Agent) in approximately (month, year).

2. On (Date) I called/contacted (Name of Agent). He did not call me first

3. During my conversation/discussion with (Name of Agent) on (Date), I requested that (Name of agent) replace my Nationwide Life policy(ies)/contracts (policy/contract numbers).

4. (Name of agent) in no way induced or solicited the replacement of my Nationwide policy(ies)/contracts.

#1271220 v3
106763-61951