UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X    08 CV 0587 (DLC)
NATIONWIDE LIFE INSURANCE COMPANY
OF AMERICA,

                        Plaintiff,     **ANSWER, AFFIRMATIVE**
                                   **DEFENSE AND COUNTERCLAIM**

   -v-

ROBERT RAWISZER and DAVID RAWISZER,

                        Defendants.
------------------------------------------------------------X

Defendants Robert Rawiszer and David Rawiszer (collectively "Defendants"), respond to the allegations of the Complaint as follows:

## THE PARTIES

1. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 regarding the corporate status and principal place of business of Plaintiff and therefore deny same and demand strict proof thereof.

2. Defendants admit the allegation in Paragraph 2 that they are father and son. Robert Rawiszer further admits that he was affiliated with Nationwide's Life Agency and that he is a citizen of the state of Florida. David Rawiszer denies that he was affiliated with Nationwide and further denies that he is a citizen of the state of Florida.

## JURISDICTION AND VENUE

3. Defendants deny the allegation in Paragraph 3 that the amount in controversy exceeds $75,000 and demand strict proof thereof. Insofar as the allegations in Paragraph 3 contain legal conclusions, no answer is required.

## FACTS COMMON TO ALL COUNTS

4. Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4.

5. Defendants admit the allegation of Paragraph 5 that Robert Rawiszer signed the Agreement attached as Exhibit A to the complaint.

6. Defendants admit the allegation of Paragraph 6 that David Rawiszer signed the Agreement attached as Exhibit B to the complaint but deny that he thereby became "affiliated" with Nationwide Life or that the Agreement constitutes a valid contract.

7. Defendants agree that the language quoted in Paragraph 7 is contained in the Special Agent's Agreements but the terms speak for themselves. Moreover, David Rawiszer denies that Exhibit B constitutes a valid contract.

8. Defendants agree that the language quoted in Paragraph 8 is contained in the Special Agent's Agreements but the terms speak for themselves. Moreover, David Rawiszer denies that Exhibit B constitutes a valid contract.

9. Defendants agree that the language quoted in Paragraph 9 is contained in the Special Agent's Agreements but the terms speak for themselves. Moreover, David Rawiszer denies that Exhibit B constitutes a valid contract.

10. Defendants admit the allegation in Paragraph 10 that Robert Rawiszer's affiliation with Nationwide Life terminated on October 19, 2007 but denies the allegation as to David Rawiszer.

11. Defendants admit the allegation in Paragraph 11 as to Robert Rawiszer but deny as to David Rawiszer.

2

12. Defendants admit the allegation in Paragraph 12 as to Robert Rawiszer but deny as to David Rawiszer.

13. Defendants admit the allegation in Paragraph 13 as to Robert Rawiszer but deny the allegation that David was affiliated with Nationwide Life. Defendants deny that any replacements have occurred since the commencement of the lawsuit except as to six policyholders whose applications with Penn Mutual had been completed before the lawsuit.

14. Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore deny same and demand strict proof thereof.

15. Defendants admit the allegations of Paragraph 15.

16. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 16 and therefore deny the same and demand strict proof thereof.

17. To the extent that the allegations of Paragraph 17 are a statement of plaintiff's own interpretation and seek conclusions of law, no response is required.

18. Defendants admit the allegation in Paragraph 18 as to Robert Rawiszer but deny as to David Rawiszer.

19. To the extent that the allegations of Paragraph 19 are a statement of plaintiff's own interpretation and seek conclusions of law, no response is required. Robert Rawiszer admits that he retained certain Nationwide Life records following his termination. David Rawiszer disputes that he had a valid contract with Nationwide Life.

20. Defendants admit the allegation contained in Paragraph 20 that they used certain Nationwide Life records following Robert Rawiszer's termination from Nationwide Life. To the extent

that the allegations of Paragraph 20 are a statement of plaintiff's own interpretation and seek conclusions of law, no response is required.

21. Defendants admit the allegations of Paragraph 21 to the extent that Robert Rawiszer retained certain Nationwide Life records after his termination. David Rawiszer denies that he had a valid contract with Nationwide Life. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations of Paragraph 21 and therefore deny the same and demand strict proof thereof. To the extent that the allegations of Paragraph 21 are a statement of plaintiff's own interpretation and seek conclusions of law, no response is required.

22. Defendants deny the allegations of Paragraph 22.

23. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 23 and therefore deny the same and demand strict proof thereof.

24. To the extent that the allegations of Paragraph 24 are a statement of plaintiff's own interpretation and seek conclusions of law, no response is required.

## COUNT I – INJUNCTIVE RELIEF

25. Defendants incorporate their answers to Paragraphs 1 through 24 as though fully set forth herein.

26. To the extent that the allegations of Paragraph 26 are a statement of plaintiff's own interpretation and seek conclusions of law, no response is required.

27. To the extent that the allegations of Paragraph 27 are a statement of plaintiff's own interpretation and seek conclusions of law, no response is required. In any event, defendants have agreed to the terms of the Consent Order and are not engaging in the alleged conduct.

28. To the extent that the allegations of Paragraph 28 are a statement of plaintiff's own interpretation and seek conclusions of law, no response is required.

## COUNT II – BREACH OF CONTRACT

29. Defendants incorporate their answers to Paragraphs 1 through 28 as though fully set forth herein.

30. To the extent that the allegations of Paragraph 30 are a statement of plaintiff's own interpretation and seek conclusions of law, no response is required. In any event, David Rawiszer denies that Exhibit B is a binding contract.

31. To the extent that the allegations of Paragraph 31 are a statement of plaintiff's own interpretation and seek conclusions of law, no response is required.

32. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 32 and therefore deny the same and demand strict proof thereof.

33. To the extent that the allegations of Paragraph 33 are a statement of plaintiff's own interpretation and seek conclusions of law, no response is required.

## COUNT III – CONVERSION AND MISAPPROPRIATION OF TRADE SECRETS AND CONFIDENTIAL COMMUNICATION

34. Defendants incorporate their answers to Paragraphs 1 through 33 as though fully set forth herein.

35. To the extent that the allegations of Paragraph 35 are a statement of plaintiff's own interpretation and seek conclusions of law, no response is required.

36. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 36 and therefore deny the same and demand strict proof thereof.

37. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 37 and therefore deny the same and demand strict proof thereof.

38. To the extent that the allegations of Paragraph 38 are a statement of plaintiff's own interpretation and seek conclusions of law, no response is required.

39. To the extent that the allegations of Paragraph 39 are a statement of plaintiff's own interpretation and seek conclusions of law, no response is required.

## COUNT IV – UNFAIR COMPETITION

40. Defendants incorporate their answers to Paragraphs 1 through 39 as though fully set forth herein.

41. To the extent that the allegations of Paragraph 41 are a statement of plaintiff's own interpretation and seek conclusions of law, no response is required.

42. To the extent that the allegations of Paragraph 42 are a statement of plaintiff's own interpretation and seek conclusions of law, no response is required.

## COUNT V – TORTIOUS INTERFERENCE WITH ECONOMIC ADVANTAGE

43. Defendants incorporate their answers to Paragraphs 1 through 42 as though fully set forth herein.

44. To the extent that the allegations of Paragraph 44 are a statement of plaintiff's own interpretation and seek conclusions of law, no response is required.

45. To the extent that the allegations of Paragraph 45 are a statement of plaintiff's own interpretation and seek conclusions of law, no response is required.

46. To the extent that the allegations of Paragraph 46 are a statement of plaintiff's own interpretation and seek conclusions of law, no response is required.

## AFFIRMATIVE DEFENSE

47. The Special Agent's Agreement signed by David Rawiszer is void as a matter of law because he was not licensed to perform the services in the Agreement.

## COUNTERCLAIM

48. The Special Agent's Agreement signed by David Rawiszer should be rescinded because David Rawiszer was not licensed to perform the services in the Agreement and therefore the contract was illegal as a matter of law.

## PRAYER FOR RELIEF

WHEREFORE, defendants pray for the following relief:

a. That this Court adjudge that the Special Agent's Agreement signed by David Rawiszer is void as a matter of law.

b. That this Court determine the alleged damages to Nationwide Life from Robert Rawiszer's conduct.

c. For such other and further relief that this Court deems proper.

Respectfully submitted,

Robert Rawiszer
David Rawiszer

Tressler, Soderstrom, Maloney & Priess, LLP

By: _____
Barry T. Bassis
BB 3259

Mark R. Vespole

TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
22 Cortlandt Street
17th floor
New York, New York 10007
(212) 430-4504

#28032